ON MOTION FOR REHEARING

POLEN, Judge.
The motion for rehearing is denied. However, we withdraw our previously issued opinion dated August 30,1995, and substitute the following opinion in its place. On page 1057 of this substituted opinion, we clarify what the trial court should do on remand.
This appeal arose out of a verdict for the defendant, Peat Marwick, Main & Co. (Peat Marwick), in an accounting malpractice action brought against it by Parker and Joan *1057 Quillen.[1] The Quillens claimed that Peat Marwick gave them erroneous tax advice regarding the charitable donation of a piece of property to Princeton University. We affirm the trial court’s finding that there was insufficient evidence of accounting malpractice, but reverse and remand for the trial court to make further findings with regard to the attorney’s fee award to Peat Marwick.
The trial court determined that Peat Marwick was entitled to attorney’s fees and costs pursuant to section 45.061, Florida Statutes (1993). The trial court determined that the offer of settlement made to the Quillens on September 22, 1989, was a valid offer and was unreasonably rejected by the Quillens. We agree that Peat Marwick’s offer to provide a satisfaction of their outstanding Texas judgment against Parker Quillen only, which at the time was $16,277.00 with interest, as well as a release to the Quillens which would terminate the execution litigation, was a valid offer to Parker Quillen in accordance with the following portion of section 45.061:
(1) At any time more than 60 days after the service of a summons and complaint on a party but not less than 60 days (or 45 days if it is a counteroffer) before trial, any party may serve upon an adverse party a written offer, which offer shall not be filed with the court and shall be denominated as an offer under this section, to settle a claim for the money, 'property, or relief specified in the offer and to enter into a stipulation dismissing the claim or to allow judgment to be entered accordingly.
(Emphasis added). This statute does not specifically require a money offer. However, we do think that further findings are required by the trial court to assess whether Mrs. Quillen would receive “money, property, or relief’ from this offer. We further clarify that we are not reversing for the trial court to determine a legal issue but to decide as a matter of fact whether, even though Mrs. Quillen was not a judgment debtor, she would have received some benefit by Mr. Quillen being relieved of the legal judgment. On remand, the trial court may decide the issue on existing record, unless it determines that further evidence is necessary. Should the trial court determine that Mrs. Quillen would have received “money, property or other relief’ from the offer, then Peat Mar-wick was rightfully awarded attorney’s fees and costs pursuant to section 45.061. However, if the trial court determines that Mrs. Quillen would not have received any such benefit from the offer, the trial court must determine what if any impact that would have on the award of attorney’s fees and costs to Peat Marwick.
The Quillens also argue that it was error to exclude evidence of the subsequent offer of $95,000.00 made to the Quillens before trial. We note, however, that if any error had occurred by excluding this evidence, it was harmless as another witness was allowed to testify as to the existence of the subsequent offer. In any event evidence of this offer would only have been relevant had the offer shed light on whether the Quillens acted reasonably at the time the original rejection occurred. Thus, we only reverse and remand for further findings as to the benefit, if any, Mrs. Quillen would have received had the original offer been accepted.
DELL, J., concurs.
WARNER, J., dissents with opinion.

. Although Peat Marwick partner Daniel Curran is a named appellee, the dispute here is essentially between the Quillens and Peat Marwick, and this opinion will address the parties accordingly.